UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| RILEY AMORE and CAROLINE PARKER, *Individually and on behalf of all others similarly situated,*<br><br>              Plaintiffs,<br><br>   v.<br><br>AMERICAN ASSOCIATION OF VETERINARY CLINICIANS, et al.,<br><br>              Defendants. | Case No. 7:25-cv-00229-EKD-CKM |
| METE ENDER TUNCAY, DVM, *on behalf of himself and all others similarly situated*,<br><br>              Plaintiff,<br><br>   v.<br><br>AMERICAN ASSOCIATION OF VETERINARY CLINICIANS, et al.,<br><br>              Defendants. | Case No. 7:25-cv-00369-EKD-CKM |

**MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

Plaintiff Mete Ender Tuncay respectfully requests that the Court appoint the law firms of Berger Montague PC ("Berger Montague") and MoloLamken LLP ("MoloLamken") as Interim Co-Lead Counsel for the proposed class of current and former veterinary interns and residents.

1

## I.  INTRODUCTION

Berger Montague and MoloLamken are nationally renowned law firms with significant expertise in antitrust class actions. They have been investigating and developing this case for approximately a year, and are the most qualified to advocate for the interests of the proposed class.

Berger Montague is one of the most experienced and successful law firms in the country focusing on the prosecution of antitrust class litigation. It is also a leader in representing workers in antitrust cases. MoloLamken is one of the nation's premier litigation boutiques and represents both plaintiffs and defendants in class proceedings, including antitrust cases. Together, Berger Montague and MoloLamken make a formidable team to advocate for the interests of the class. They have the skills, resources, and experience necessary to provide first-rate representation.

Founded in 1970, Berger Montague has recovered more compensation in antitrust class action settlements as lead counsel than any other law firm in the country, obtaining over $9 billion for victims of anticompetitive conduct between 2009 and 2023.[1] It pioneered labor antitrust class actions like this one. Joshua Davis, leader of the Berger Montague team in this case, has prosecuted labor-market antitrust class actions for over a decade.

Founded in 2009, MoloLamken focuses exclusively on complex disputes and investigations, representing plaintiffs and defendants throughout the world. It has deep experience prosecuting and defending class actions and currently holds leadership roles in three antitrust class actions. *See* p. 12, *infra*. The firm's wins for plaintiffs over the last several years have been valued at over $7 billion. MoloLamken's team is led by Steven Molo, one of the nation's preeminent trial lawyers. MoloLamken's Eric Posner is one of the world's foremost legal scholars on antitrust,

---

[1] Joshua Davis & Rose Kohles, *2023 Antitrust Annual Report: Class Actions in Federal Court* at 38 (November 2024), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=5059771 (attached as Davis Decl., Ex. 1).

particularly on the topics of wage suppression and labor markets. He recently served as counsel to the Assistant Attorney General for the Antitrust Division when the Department of Justice scrutinized a number of labor markets.

Together, Berger Montague and MoloLamken have many decades of experience successfully litigating antitrust cases on behalf of plaintiffs and defendants. They know how to navigate the distinctive issues that arise in cases involving wage suppression and are efficient in obtaining relevant evidence and researching and presenting pertinent legal analysis. They have access to leading economic and labor experts and a track record of developing effective economic analyses and statistical techniques in antitrust wage-suppression cases.

The other firms vying for leadership—Scott+Scott and Hedin Law, who represent the plaintiffs in *Amore*—do not have the same background and knowledge. Scott+Scott lacks the depth of experience in worker antitrust cases, and has not obtained results comparable, for example, to the UFC litigation. Hedin Law appears to have filed only two antitrust cases—this one and another that it recently initiated. Nonetheless, Berger Montague and MoloLamken offered to share representation of the proposed class equally. Scott+Scott and Hedin Law declined.

Berger Montague and MoloLamken are fully capable of pursuing this proposed class action to a successful completion. If appointed, they will coordinate closely and work efficiently, as they did in filing the *Tuncay* complaint. Berger Montague and MoloLamken therefore respectfully request that they alone be appointed Interim Co-Lead Counsel.[2]

---

[2] Of course, if the Court concludes that the class would be best served by a leadership team that includes Scott+Scott or Hedin Law, Berger Montague and MoloLamken are confident that they could work cooperatively with those firms.

## II.  BACKGROUND

Berger Montague and MoloLamken seek to represent a class of veterinary residents and interns to challenge a conspiracy to suppress their compensation. Plaintiff and the proposed class obtained veterinary internships and residencies through the Veterinary Internship and Residency Match Program ("VIRMP" or the "Match Program"). VIRMP creates a centralized allocation system that assigns veterinary resident and intern applicants to a single, specific position by an employer. VIRMP contractually mandates that applicants accept that position. It eliminates competition by foreclosing salary negotiations between applicants and prospective employers. It punishes applicants who violate any of the Match Program's restrictive rules and penalizes veterinarians who attempt to circumvent the Match and pursue internships and residences by other means. In short, the Match Program strips veterinary intern and resident applicants of all negotiating power, forcing them to accept positions with suppressed wages and benefits and poor working conditions.

Defendants include the American Association of Veterinary Clinicians ("AAVC"), which administers the Match Program, and employers participating in the Match Program, including for-profit veterinary practices as well as veterinary teaching institutions.

## III.  ARGUMENT

The Court may "designate interim class counsel to act on behalf of a putative class before determining whether to certify an action as a class action." *Solomon v. Am. Web Loan, Inc.*, No. 4:17-cv-145, 2018 WL 10579660, at *2 (E.D. Va. Sept. 17, 2018); *see* Fed. R. Civ. P. 23(g)(3). Where "more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). When appointing interim counsel, the Court should consider: "(i) the work counsel has done in identifying or investigating

4

potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Mikell v. Tycon Med. Sys., Inc.*, No. 2:25-cv-19, 2025 WL 720001, at *2 (E.D. Va. Mar. 6, 2025) (quoting Fed. R. Civ. P. 23(g)(1)(A)). "The court may also 'consider other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class.'" *Safe Harbor Int'l LLC v. Booz Allen Hamilton, Inc.*, No. 8:25-cv-00139, 2025 WL 1568158, at *1 (D. Md. May 29, 2025) (quoting Fed. R. Civ. P. 23(g)(1)(B)). Courts weigh heavily counsel's experience litigating similar cases. *See, e.g.*, *Solomon*, 2018 WL 10579660, at *5 (noting that an appointed firm's experience litigating two prior "rent-a-tribe" class actions weighed in favor of the firm's appointment); *In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, No. 1:21-cv-269, 2022 WL 1494378, at *5 (E.D. Va. May 10, 2022) (noting that appointed counsel had "significant experience and knowledge litigating class action cases involving food mislabeling and consumer fraud," including prior baby food litigation).

Under that standard, Berger Montague and MoloLamken are the best choice for Interim Co-Lead Counsel. Their collective experience in antitrust cases—particularly cases alleging wage suppression—is unparalleled. They have deep litigation experience, and trial and appellate expertise few firms can match.

### A. Berger Montague and MoloLamken Have Devoted Substantial Time and Resources to Investigating and Developing This Case.

Berger Montague and MoloLamken began independently investigating and developing this case in June 2024. They have expended considerable resources doing so, logging hundreds of attorney hours to investigate the facts and analyze the law. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). Their

"investigatory and analytical effort" in "drafting the complaint" supports their appointment as Interim Co-Lead Counsel. MOORE'S FEDERAL PRACTICE § 23.120[3][a] (2007).

Over the past year, Berger Montague and MoloLamken have collectively spent over 500 attorney hours examining: the structure and characteristics of the veterinary industry, including board-certification standards relevant to veterinary residents and interns; trends in market consolidation; and key industry participants. They have consulted with numerous industry experts, interviewed approximately a dozen practicing veterinarians and veterinary residents and interns, and analyzed economic data to evaluate the relevant markets and anticompetitive effects of Defendants' conduct. They have also done extensive research to determine how best to frame the legal claims and rebut potential defenses. The result is the detailed complaint filed on behalf of Plaintiff Mete Tuncay and the proposed class.

Berger Montague and MoloLamken did that work independently of Scott+Scott and Hedin Law, and the *Tuncay* complaint reflects that independence. It includes additional defendants, asserts distinct claims, and advances a different factual framing. That Scott+Scott and Hedin Law filed the *Amore* complaint earlier than the *Tuncay* complaint should not carry much weight. First-to-file status is "a less compelling factor" and relevant *only* if "there is little to differentiate the groups [of proposed counsel] in terms of qualifications, expertise, experience and resources." *Riddick v. MedStar Health*, No. 1:24-cv-01335, 2024 WL 4712390, at *4 (D. Md. Nov. 7, 2024); *see also In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 367 (E.D. Pa. 2022) (Counsel being first-to-file is relevant to selecting lead counsel only because it "can raise an inference that the first-filing party has spent more time and resources investigating the matter. . . . [B]eing the first to file does not create an irrebuttable presumption of a superior investigation."); *Cadena v. Am. Honda Motor. Co.*, No. 2:18-cv-04007, 2020 WL 3107798, at *5 (C.D. Cal. 2020) ("'[I]t

6

would be an abuse of discretion to appoint an attorney as class counsel solely because he may have won the race to the courthouse.'" (quoting *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1048 (9th Cir. 2015))).

Numerous courts have appointed as leadership later-filing attorneys who possessed superior qualifications and expertise. *In re Gerber Prods.*, 2022 WL 1494378, at *3-4 (declining to appoint the first filer and appointing the later filers); *Solomon*, 2018 WL 10579660, at *3, *5 (declining to appoint one of the first filers and appointing a later filer). Scott+Scott and Hedin Law cannot match Berger Montague's and MoloLamken's knowledge of and experience in worker antitrust. *Compare* Part III.B, *infra* (describing experience and credentials of Berger Montague and MoloLamken). Berger Montague and MoloLamken respectfully maintain that their experience, results, and resources make them best suited to represent the proposed class.

### B. Berger Montague and MoloLamken Are Pioneers in Wage Suppression Antitrust Class Actions, Know the Law, Are Scholars in the Field, and Go to Trial.

Berger Montague and MoloLamken have extensive experience with, and knowledge of, antitrust cases and are leaders in vindicating the rights of workers whose compensation has been suppressed by anticompetitive conduct. Berger Montague has successfully represented classes of workers in at least nine cases, and MoloLamken brings Eric Posner, one of the foremost scholars in the field of labor antitrust law, particularly in the labor context. Together, Berger Montague and MoloLamken have assembled a robust team of lawyers to litigate this proposed class of current and former veterinary interns and residents harmed by the Match Program.

Worker antitrust cases are subject to the same antitrust principles as other antitrust cases, but they are unusual in some ways. First, most antitrust violations are perpetrated by sellers, but employers are generally understood as buyers—purchasing the labor of workers. In the typical antitrust class action, buyers seek to recover damages based on the overcharges they paid. In

7

worker cases, damages are usually measured in terms of underpayments. Second, markets for labor operate somewhat differently than markets for sales, particularly for consumer goods. Berger Montague and MoloLamken bring extensive theoretical and practical knowledge and experience to these issues. That knowledge and experience would greatly benefit the members of the proposed class.

### 1. Berger Montague

Recognized by *Chambers & Partners* as "[h]ighly distinguished for the strength of its plaintiff-side work acting on monopoly matters and price-fixing, including an impressive track record in complex, high-profile class actions," Berger has one of the largest and most experienced plaintiff-side antitrust departments in the country. It pioneered the antitrust class action and has successfully litigated them since 1970. Davis Decl. ¶¶3, 5.

Berger Montague has obtained the largest private antitrust class action settlement in history and over $9 billion in aggregate class recoveries from 2009 through 2023—the most of any such firm during that time. Davis Decl. ¶4. Accordingly, *Chambers & Partners* has ranked Berger as "Band 1" for nationwide plaintiffs' antitrust practices for the past four years. *Id.* Berger has also won numerous awards for its success in antitrust class litigation, including five American Antitrust Institute ("AAI") "Outstanding Antitrust Litigation Achievement in Private Law Practice" awards in the past two years alone. *Id.* ¶10.

Berger Montague is a pioneer in the wage-fixing and -suppression space, successfully litigating to recover for numerous classes of workers whose compensation has been suppressed by unlawful conspiracies and monopolies. This past year, for example, Berger Montague in *Le v. Zuffa* secured final approval of a pathbreaking, $375 million settlement that compensated UFC fighters for wage suppression. *Le v. Zuffa, LLC*, No. 14-cv-5484 (D. Nev.). Each fighter will

receive, on average, over $200,000. No previous labor-side claim brough under only Section 2 of the Sherman Act had survived summary judgment or had been certified as a class action. That litigation continues—as Berger seeks to restructure the market to increase compensation to mixed martial arts fighters.

Berger Montague has also litigated numerous other worker antitrust class actions. *See, e.g.*, *In re Broiler Chicken Grower Antitrust Litig.*, No. 20-md-02977 (E.D. Okla.) ($169 million in settlements for broiler chicken growers whose wages were suppressed via no-poach agreements and information sharing); *In re High Tech Emp. Antitrust Litig.*, No. 11-cv-2509 (N.D. Cal.) ($435 million in settlements, the largest of any employee class action case against a private employer, on behalf of technology workers); *Jien v. Perdue Farms, Inc.*, No. 1:19-cv-02521 (D. Md.) ($398 million in settlements on behalf of poultry workers); *Brown v. JBS USA Food Co.*, No. 1:22-cv-02946-PAB-STV (D. Colo.) ($200 million in settlements on behalf of red meat processing plan workers); *In re Railway Indus. Emp. No-Poach Antitrust Litig.*, No. 2:18-mc-00798-JFC (W.D. Pa.) ($48.95 million in settlements on behalf of railway workers); *Johnson v. Arizona Hosp. & Healthcare Ass'n*, No. 2:07-cv-01292 (D. Ariz) ($22.5 million in a wage-fixing case on behalf of *per diem* and traveling nurses); *In re Geisinger Health & Evangelical Cmty. Hosp. Healthcare Workers Antitrust Litig.*, No. 4:21-cv-00196 (M.D. Pa.) (yet-to-be disclosed settlement on behalf of hospital employees).

Berger has had similar success in antitrust cases outside the worker context. In *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, No. 05-md-1720 (E.D.N.Y.), Berger secured a roughly $5.6 billion settlement, believed to be the largest antitrust class action settlement in history. Recently, Berger also recovered nearly $320 million for students and alumni at elite universities who were overcharged as a result of a conspiracy to fix or stabilize

9

financial aid. *See Henry v. Brown Univ.*, No. 1:22-cv-00125 (N.D. Ill.). Berger reached these settlements before class certification or summary judgment.

Berger Montague also takes cases to trial and handles appeals. At trial, the firm has obtained excellent results, obtaining well over $2 billion of verdicts in 2025 alone. Recent cases include *Innovative Health LLC v. Biosense Webster, Inc.* No. 8:19-cv-01984 (C.D. Cal) (2025 jury verdict in antitrust competitor case of approximately $450 million (fees and costs yet to be awarded)), *United States v. Janssen Products LP*, No. 12-07758 (D.N.J.) (2025 jury verdict in *qui tam* action in excess of $1.6 billion, one of the largest False Claims Act verdicts in U.S. history), *United States v. CVS Caremark Corp.*, No. 2:14-cv-00824 (E.D. Pa.) (2025 bench trial in *qui tam* action with recovery in excess of approximately $300 million (penalties yet to be calculated)), *In re Capacitors Antitrust Litigation*, No. 14-cv-3264 (N.D. Cal.) (total settlements over $600 million, including several occurring during jury trials in 2020 and 2021), *In re Opana ER Antitrust Litigation*, No. 1:14-cv-10150 (N.D. Ill.) ($145 million settlement just before trial), and *United States v. Johnson & Johnson*, No. 3:12-cv-07758 (D.N.J.) (jury verdict in 2024 of well over $150 million in *qui tam* matter).

Berger maintains the only appellate department in the country that focuses on plaintiff-side antitrust work, particularly plaintiff-side class actions. *See, e.g.*, *Innovative Health, LLC v. Biosense Webster, Inc.*, No. 22-55413, 2024 WL 62948 (9th Cir. 2024) (reversing grant of summary judgment to defendants in antitrust case);[3] *In re Abbott Labs*, 96 F.4th 371 (3d Cir. 2024) (upholding district court's use of the crime-fraud exception against pharmaceutical company that engaged in sham litigation); *In re Suboxone (Buprenorphine Hydrochlorine & Naloxone) Antitrust*

---

[3] After successfully reversing summary judgment in the Ninth Circuit, Berger Montague joined the trial team in *Innovative* and recently won a $147 million judgment, trebled to $442 million.

10

*Litig.*, 967 F.3d 264 (3d Cir. 2020) (upholding class certification that led to $385 million settlement for purchasers injured by a prescription drug monopolization effort). In 2024, Berger won a unanimous victory for a worker before the Supreme Court in *Harrow v. Department of Defense*, 601 U.S. 480 (2024).

Joshua Davis will lead Berger Montague's team in this matter. For over a decade, Mr. Davis has prosecuted labor-market antitrust class actions. He played, and continues to play, a lead role in *Zuffa*. He also briefed and argued *Innovative Health,* winning reversal of a summary judgment ruling against the plaintiff. On remand, Mr. Davis served on the trial team that obtained a $442 million jury verdict in May 2025. Recently, he twice received the American Antitrust Institute's award for "Outstanding Antitrust Litigation Achievement in Private Law Practice"—in 2023 for *In re Capacitors Antitrust Litigation*, No. 3:14–cv–03264 (N.D. Cal.) (a case that went to trial twice) and in 2024 for *Fusion Elite All Stars v. Varsity Brands, LLC*, 2:20-cv-02600 (W.D. Tenn.) (an antitrust case that obtained damages and restructured a market to make it more competitive). Additionally, the National Civil Justice Institute named Mr. Davis the recipient of its annual Appellate Advocacy Award for obtaining a 9-0 victory in the U.S. Supreme Court on behalf of a federal worker in *Harrow v. Department of Defense*, 601 U.S. 480 (2024).

Mr. Davis is also a research professor at U.C. Law San Francisco, where he holds the only annual conference dedicated to complex litigation ethics.[4] A description of Mr. Davis's experience is included in Exhibit 8 to the Davis Declaration. Additional information about Berger Montague and its team is set forth in the Exhibits to the Declaration of Joshua P. Davis.

---

[4] Information about the conference is available here: https://litigationethicsconference.org/.

11

### 2. MoloLamken

Recognized by *Lawdragon* as "one of the country's most prestigious litigation boutiques," MoloLamken was founded on the premise that complex disputes are most effectively handled by smaller teams of talented, seasoned lawyers focused on results. And that is precisely the team MoloLamken has built. Publications like *Chambers and Partners* and *Legal 500* say that "[t]he team at MoloLamken is truly exceptional. What sets them apart is their ability to grasp the essence of complex legal issues with remarkable speed and precision." They note that "MoloLamken has the best combination of strategy and first-class execution I have ever seen. They are top to bottom excellent, with no weak links." And they describe MoloLamken as "a star-studded firm of the best litigators in the commercial litigation space. They are brilliant lawyers who tower over the competition."

MoloLamken was recently named a finalist for the *National Law Journal's* 2025 Elite Trial Lawyers, Business Torts—Firm of the Year Award. It has been a perennial finalist for that award in recent years, after having won it in 2019 and 2020. *Benchmark Litigation* named MoloLamken a Top Litigation Boutique in 2023, and the *National Law Journal* named the firm to its Appellate Hot List in 2023 and 2024. MoloLamken's wins for plaintiffs over the last several years have been valued in excess of $7 billion. A hallmark of MoloLamken's work is collaboration. Substantially more than half of its matters involve collaboration with another firm.

MoloLamken both prosecutes and defends class actions, including antitrust cases. MoloLamken serves in leadership representing direct Apple Watch purchasers in litigation alleging that Apple unlawfully monopolized the market for smartwatches. *In re Apple Inc. Smartphone Antitrust Litig.*, No. 2:24-md-03113 (D.N.J. Oct. 17, 2024) (Dkt. 35). It also serves in leadership for the direct purchaser class in an antitrust case against the world's largest provider of

credit scores. *See In re FICO Antitrust Litig. Related Cases*, 1:20-cv-02114, 2021 WL 4478042 (N.D. Ill. Sept. 30, 2021). In appointing MoloLamken, the presiding judge singled out the firm's "sterling reputation." *Id.* at *6. And MoloLamken is counsel for the proposed class plaintiffs in *Dhamala v. Elsevier, B.V.*, No. 1:24-cv-06409 (E.D.N.Y.), a case alleging that some of the world's largest publishing companies colluded to suppress compensation for scholars and academics who published in the defendant's academic journals. MoloLamken also represented class settlement objectors in *In re College Athlete NIL Litigation*, a case involving the suppression of compensation paid to collegiate student-athletes. The court approved the settlement only after the firm's advocacy led to modifications that made the settlement more fair. *In re College Athlete NIL Litig.*, No. 20-cv-3919, 2025 WL 1675820, at *32 n.14 (N.D. Cal. June 6, 2025).[5]

In addition to its experience in trial court matters, MoloLamken has achieved significant victories for class-action plaintiffs on appeal.[6] The firm has unrivalled appellate expertise, with over 20% of its partners having clerked on the Supreme Court. Indeed, MoloLamken has served as counsel in cases before the Supreme Court regarding the scope of Federal Rule of Civil Procedure 23, among many other topics. *See Frank v. Gaos*, No. 17-961 (U.S.) (counsel for plaintiff class).

---

[5] MoloLamken has obtained exceptional results in other class cases, too. The firm served as lead counsel for objectors in the landmark case *In re NFL Players' Concussion Injury Litigation*, No. 2:12-md-02323 (E.D. Pa.), increasing the value of the settlement by more than $120 million, *id.*, Dkt. 7366-1. MoloLamken also won a $40 million jury verdict on behalf of a class in a federal securities fraud case after settling with other defendants for $14 million. *Gruber v. Gilbertson*, No. 1:16-cv-09727 (S.D.N.Y. 2022).

[6] *See, e.g.*, *Shash v. Biogen, Inc.*, 84 F.4th 1 (1st Cir. 2023) (reversal in part of dismissal of securities fraud class action relating to misleading statements regarding clinical trial results for Alzheimer's drug); *Christine Asia Co. v. Ma*, 718 F. App'x 20 (2d Cir. 2017) (reversal of dismissal of securities fraud claims against Alibaba group); *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223 (2d Cir. 2016) (defense of nearly $50 million jury verdict in securities fraud suit).

13

On the defense side, MoloLamken recently represented the nation's largest owner of residential real estate brokerage brands against multi-billion-dollar antitrust conspiracy claims. *See Burnett v. Nat'l Ass'n of Realtors*, 4:19-cv-00332 (W.D. Mo.) (MoloLamken's client reached a settlement before trial for $81 million; the jury then returned a $1.8 billion verdict against the remaining defendants before trebling). The firm also represents a defendant in a series of multi-billion-dollar antitrust class and direct actions against chicken producers. *See In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637 (N.D. Ill.).

MoloLamken's team will be led by Steven F. Molo. He is one of the country's top courtroom advocates. He regularly tries complex cases before judges and juries as well as argues appeals. *Benchmark Litigation* has consistently named him one of the top 100 Trial Lawyers in America, calling him "an outstanding advocate" who is "fearless in court." *Chambers and Partners* calls him "fantastic in the courtroom" and "very bright, imaginative, and creative in his approach to problems." Mr. Molo has extensive experience in class actions and antitrust cases. He leads MoloLamken's efforts in the *Apple Watch Litigation*, the *FICO Antitrust Litigation*, and the *NCAA NIL Litigation*. He also argued *Marion Healthcare, LLC v. Becton Dickinson & Co.*, 952 F.3d 832 (7th Cir. 2020), which clarified the standard for direct-purchaser claims under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

Eric Posner—whose scholarly work on antitrust law, particularly topics of wage suppression and labor markets, is unmatched—will be a key member of the MoloLamken team. Mr. Posner is counsel at MoloLamken and serves as the Kirkland & Ellis Distinguished Service Professor of Law at the University of Chicago Law School and the Arthur and Esther Kane Research Chair. Mr. Posner is one of the most heavily cited living legal scholars, including by

14

courts. Recently, Mr. Posner served as Counsel to the Assistant Attorney General for the Antitrust Division at the U.S. Department of Justice, focusing on cases involving wage suppression.

Mr. Posner has authored more than a dozen books and one hundred articles—including over a dozen academic articles on antitrust in labor markets and a book entitled *How Antitrust Failed Workers* (Oxford University Press, 2021). Plaintiffs in antitrust cases across the country have recognized Mr. Posner's preeminence in the field, citing his work and relying on his scholarship—including counsel in *Amore*. *See* 7:25-cv-00229, ECF No. 1, ¶116 n.8 (citing Eric Posner's "Matching Markets and Labor Monopsony: A Comment on the Priest/Roth Debate"). Mr. Posner has lectured before academic and practitioner audiences around the world on the topic of wage suppression and labor economics. He has also testified before Congress and the FTC regarding antitrust policy.

Additional information about the firm and its team is set forth in the Exhibits to the Declaration of Steven F. Molo.

### C. Berger Montague and MoloLamken Have the Human and Financial Resources to Prosecute This Case.

Berger Montague and MoloLamken will dedicate the resources necessary to represent the proposed class through rigorous motion practice, discovery, class certification, trial, and appeal. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). They have demonstrated their dedication and commitment in the many complex cases discussed above. The firms have sufficient resources to litigate complex cases such as this one. Together, they employ hundreds of attorneys and paraprofessionals, including dozens of the nation's top antitrust class action litigators and trial attorneys. As with other antitrust class actions, this lawsuit will be resource intensive. It will require a substantial financial investment that Berger Montague and MoloLamken can meet. They are accustomed to financing complex cases and routinely invest significant financial resources in litigating claims

15

against the largest and most well-funded defendants. They will bring the same resources and commitment to this case. *See* Davis Decl. at ¶10; Molo Decl. at ¶7.

Berger Montague and MoloLamken have also retained experienced local counsel, Rosalie Fessier of TimberlakeSmith. Ms. Fessier has nearly three decades of experience in federal civil litigation and regularly represents clients in this District. She has served three consecutive terms on the Local Rules Advisory Committee for this District and is currently the Secretary for the Western District of Virginia Chapter of the Federal Bar Association.

Berger Montague and MoloLamken possess all necessary resources to litigate on behalf of Dr. Tuncay and the proposed plaintiff class. They are financially sound, have experienced personnel, operate sophisticated discovery software, employ robust legal and factual research tools, and have access to leading industry and economic experts.

### D. Berger Montague and MoloLamken Commit to Protecting the Interests of the Class and Safeguarding Class Resources.

Berger Montague and MoloLamken will prosecute this case efficiently, and their proposed leadership structure is appropriate for that purpose. This litigation is complex and will involve fact and expert discovery as to Defendants, Defendants' collaborators, and other non-parties. The firms' deep experience in efficiently and successfully litigating similarly complex cases against well-funded defendants will pay dividends for the proposed class.

While Berger Montague and MoloLamken believe they are the best advocates for the proposed class, they are prepared to work collaboratively in any other leadership structure this Court might order, including in a co-lead counsel structure with Scott+Scott or Hedin Law.

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court appoint MoloLamken LLP and Berger Montague PC as Interim Co-Lead Counsel for the proposed class of current and former veterinary interns and residents.

| | |
|---|---|
| Date: July 7, 2025 | Respectfully Submitted, |

/s/ Rosalie Pemberton Fessier

| | |
|---|---|
| Steven F. Molo (*pro hac vice*) | Rosalie Pemberton Fessier |
| New York Registration Number: 4221743 | Virginia Bar Number: 39030 |
| Cody A. Wiles (*pro hac vice*) | **TIMBERLAKESMITH** |
| New York Registration Number: 5983895 | 25 North Central Avenue |
| **MOLOLAMKEN LLP** | P.O. Box 108 |
| 430 Park Avenue | Staunton, VA 24402-0108 |
| New York, NY 10022 | Telephone: 540-885-1517 |
| Telephone: 212-607-8160 | Fax: 540-885-4537 |
| smolo@mololamken.com | rfessier@timberlakesmith.com |
| cwiles@mololamken.com | |
| | Joshua P. Davis (*pro hac vice*) |
| Eric Nitz | California Bar Number: 193254 |
| Virginia Bar Number: 82471 | Hope Brinn (*pro hac vice*) |
| **MOLOLAMKEN LLP** | California Bar Number: 338508 |
| 600 New Hampshire Avenue, N.W., Suite 500 | Julie A. Pollock (*pro hac vice*) |
| Washington, DC 20037 | California Bar Number: 346081 |
| Telephone: 202-556-2000 | **BERGER MONTAGUE** |
| enitz@mololamken.com | 505 Montgomery Street, Suite 625 |
| | San Francisco, CA 94111 |
| Eric A. Posner (*pro hac vice*) | Telephone: 1-800-424-6690 |
| Illinois Bar Number: 6329216 | jdavis@bm.net |
| **MOLOLAMKEN LLP** | jpollock@bm.net |
| 300 N. LaSalle Street, Suite 5350 | hbrinn@bm.net |
| Chicago, IL 60654 | |
| Telephone: 312-450-6700 | |
| eposner@mololamken.com | |

*Counsel for Plaintiff Mete Tuncay and the Proposed Class*