CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 06, 2026
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RILEY AMORE, CAROLINE PARKER, and METE ENDER TUNCAY, DVM, *individually and on behalf of all other similarity situated,* ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 7:25-cv-00229 |
| v. ) ) | By: Elizabeth K. Dillon |
| AMERICAN ASSICAIATION OFVETERINARY CLINICIANS, et al., ) ) ) | Chief United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are two competing motions for appointment as Interim Co-Lead Class Counsel. (Dkt Nos. 104, 106.) One of these motions also seeks appointment of Interim Liaison Counsel. (Dkt. No. 106.) The parties have filed a joint notice stating that neither side requests a hearing and that they are prepared to submit the matter on the pleadings. (Dkt. No. 130.) After careful consideration of the filings, the court does not find a hearing necessary to resolve the matter. For the following reasons, the court will appoint Berger Montague PC and MoloLamken LLP as Interim Co-Lead Class Counsel.

### I. BACKGROUND

On April 2, 2025, plaintiffs Riley Amore and Caroline Parker, individually and on behalf of all others similarly situated, filed a class action complaint against various defendants alleging a conspiracy to fix, maintain, stabilize, and suppress compensation paid to veterinary interns and residents in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq*. (The "*Amore* Action," Dkt. No. 1.) On May 30, 2025, plaintiff Mete Ender Tuncay, on behalf of himself and all others similarly situated, filed a separate class action complaint against various defendants alleging

substantially similar facts and claims for relief against many of the same defendants as those alleged in the *Amore* Action.  (The "*Tuncay* Action," *Tuncay v. American Association of Veterinary Clinicians, et al.*, No. 7:25-cv-00369, Dkt. No. 1.)

After considering a stipulation submitted by the parties (Dkt. No. 91), the court consolidated the *Amore* Action and the *Tuncay* Action on July 1, 2025, designating the *Amore* Action as the lead case, and setting various deadlines, including a deadline for filing motions to appoint class counsel pursuant to Federal Rule of Civil Procedure 23(g).  (Dkt. No. 100.)

Thereafter, the court received two competing motions seeking appointment as Interim Co-Lead Class Counsel.  The first, filed by Tuncay's counsel, requests that the court appoint Berger Montague PC ("Berger Montague") and MoloLamken LLP ("MoloLamken") as Interim Co-Lead Class Counsel.  (Dkt. No. 104.)  The second, filed by Amore and Parker's counsel, requests that the court appoint Hedin LLP ("Hedin") and Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Interim Co-Lead Class Counsel and Christian & Barton LLP as Interim Liaison Counsel.  (Dkt. No. 106.)

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class."  Fed. R. Civ. P. 23(g)(2).  When appointing interim class counsel, courts apply the same factors used to evaluate the adequacy of class counsel under Rule 23(g)(1)(A).  *See, e.g.*, *In re Kelly Benefits Data Breach Litig.*, No. SAG-25-01304, 2025 WL 3537569, at *1 (D. Md. Dec. 10, 2025); *Riddick v. MedStar Health*, No. CV 24-1335-BAH, 2024 WL 4712390, at *2 (D. Md. Nov. 7, 2024).  These factors that the

2

court must consider are "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]"  Fed. R. Civ. P. 23(g)(1)(A).  The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).

### III.  DISCUSSION

The court first notes that each group of co-counsel seeking appointment as co-lead class counsel is exceptionally qualified and up to the task of representing the proposed class of plaintiffs.  Each group brings a wealth of experience in antitrust class action litigation, with deep benches of highly qualified attorneys and ample resources to adequately litigate this case.  However, the court must choose one, slim as the margin may be.  As discussed below, when considering the Fed. R. Civ. P. 23(g) factors, the court finds Berger Montague and MoloLamken come out slightly ahead and, therefore, will appoint those two firms as Interim Co-Lead Class Counsel.

**A.  The Work Counsel Has Done in Identifying or Investigating Potential Claims in the Action**

Hedin began investigating the Veterinary Internship and Residency Matching Program in July 2024.  (Dkt. No. 107-1, ¶ 5.)  Over the next several months, subsequently joined by Scott+Scott, the firms conducted substantial pre-filing investigative work and legal research to develop the claims alleged in the action.  (*Id.* ¶¶ 5–15.)  Collectively, the attorneys at Hedin and Scott+Scott "devoted several hundred hours . . . developing the claims alleged in the [*Amore* Action]."  (Dkt. No. 107 at 12.)  The complaint was filed on April 2, 2025.  (Dkt. No. 1.)

Berger Montague and MoloLamken began investigating and developing the *Tuncay* Action in June 2024.  (Dkt. No. 105 at 5.)  For nearly a year, the firms expended many resources investigating and building their case, with Berger Montague logging over 231 attorney hours (Dkt. No. 105-1, ¶ 10) and MoloLamken logging over 290 attorney hours (Dkt. No. 105-2, ¶ 7).  The *Tuncay* Action was filed on May 30, 2025.  (*Tuncay v. American Association of Veterinary Clinicians et al.*, No. 7:25-cv-00369, Dkt. No. 1.)

Although the *Tuncay* Action was filed nearly two months after the *Amore* Action, Berger Montague and MoloLamken began their investigations into the matter one month before Hedin did.  Being the first to file "can raise an inference that the first-filing party has spent more time and resources investigating the matter . . .[b]ut [it] . . . does not create an irrebuttable presumption of a superior investigation."  *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 367 (E.D. Pa. 2022).  That is the case here.  It is clear from the record that both groups of counsel spent months investigating and developing their respective cases, each expending hundreds of attorney hours.  The substantial work performed by both groups is reflected in the thoroughness of each complaint filed with the court.  Accordingly, the court finds that this factor does not weigh in favor of either group of counsel.

**B.  Counsel's Experience in Handling Class Actions, Other Complex Litigation, and the Types of Claims Asserted in the Action, and Counsel's Knowledge of the Applicable Law**

Although all counsel are knowledgeable about the applicable law and all four firms have ample experience handling class actions and other complex litigation, Berger Montague and MoloLamken, collectively, have more experience in antitrust actions involving labor and wage-suppression.  Berger Montague lists numerous cases in which it has represented classes of workers in antitrust actions, successfully obtaining settlements ranging from $22.5 million to $435 million.  (Dkt. No. 105 at 8–9.)  In addition, MoloLamken brings unique experience,

4

having litigated class actions from multiple perspectives— representing both plaintiffs and defendants at the trial and appellate levels. (*Id.* at 12–14.) The firm also includes Eric Posner on its bench of attorneys, who is a well-established scholar and lawyer in the field of antitrust law generally, with additional emphasis on topics of wage suppression and labor markets. Mr. Posner also recently served as Counsel to the Assistant Attorney General for the U.S. Department of Justice Antitrust Division, focusing on cases involving wage suppression. (*Id.* at 15.) Indeed, Hedin and Scott+Scott even cite one of Posner's scholarly works in the *Amore* Action. (*See* Dkt. No. 1, ¶ 116 n.8.)

The court acknowledges that Hedin and Scott+Scott bring significant antitrust experience and could zealously advocate for the plaintiff class in this case. Additionally, the court recognizes that Hedin and Scott+Scott are interim co-lead class counsel in a similar action challenging the American Society of Health-Systems Pharmacists, Inc's Resident Matching Program (*Pharmacy* Action), which was prepared and filed alongside the *Amore* Action. Although that case is still being litigated, the work and experience gained in the *Pharmacy* Action will certainly benefit the proposed class of plaintiffs in this case. However, serving as interim co-lead class counsel in that case does not outweigh the substantial experience in the antitrust labor and wage-suppression context that Berger Montague and MoloLamken bring to the table. Furthermore, the *Pharmacy* Action and the present action appear to be the only antitrust worker cases that Hedin has litigated. Accordingly, the court finds that factors (ii) and (iii) of Fed. R. Civ P. 23(g) weigh in favor of Berger Montague and MoloLamken.

## C. Resources That Counsel Will Commit to Representing the Class

All the firms in both proposed interim co-lead class counsel groups have demonstrated that they have ample resources to represent the proposed plaintiff class. Berger Montague and

MoloLamken together employ hundreds of qualified attorneys, along with supporting staff, and routinely invest significant financial resources in the complex cases they handle.  (Dkt. No. 105-1, ¶ 10; Dkt. No. 105-2, ¶ 7.)  Hedin and Scott+Scott likewise represent that they will dedicate the resources necessary to represent the class, including by self-funding the litigation.  (Dkt. No. 107-1, ¶¶ 33–39.)  At bottom, both groups maintain a deep bench of highly qualified attorneys, supporting staff, and other necessary resources to litigate on behalf of the proposed plaintiff class.  Accordingly, the court finds that this factor does not weigh in favor of either group of counsel.

## IV.  CONCLUSION

For the foregoing reasons, and after considering the factors set forth in Fed. R. Civ. P. 23(g), the court finds that Berger Montague and MoloLamken are best able to represent the interests of the proposed plaintiff class because of their slight advantage given their experience in the field of antitrust actions involving labor and wage-suppression and their knowledge of the applicable law.

Accordingly, it is hereby ORDERED as follows:

1.  Tuncay's motion to appoint Berger Montague PC and MoloLamken LLP as Interim Co-Lead Class Counsel (Dkt. No. 104) is GRANTED;[1] and

2.  Amore and Parker's motion to appoint Hedin LLP and Scott+Scott Attorneys at Law LLP as Interim Co-Lead Class Counsel and Christian & Barton LLP as Interim Liaison Counsel (Dkt. No. 106) is DENIED.

---

[1] Although Tuncay did not specifically move for the appointment of liaison counsel in this case, and Fed. R. Civ. P. 23(g) does not require such an appointment, Berger Montague and MoloLamken have retained experienced local counsel, Rosalie Fessier of TimberlakeSmith, who is well positioned to effectively serve in that role.

The court notes that the deadline for filing a consolidated complaint is no later than 21 days after entry of this Order.  (*See* Dkt. No. 148.)

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

Entered: March 6, 2026.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
Chief United States District Judge